I respectfully dissent. *Page 740 
In order to clarify the issue presented, it is essential at the outset to understand what is not presented: (1) We need not address what result would obtain had either of the other two partners died first. Our function is restricted to the settlement of the controversy between the parties before us. (2) The facts of this case do not present the issue whether a partnership agreement, which seeks to devise property of one partner upon death to the surviving partners, is a testamentary disposition subject to the statutes regarding such dispositions. Nowhere in the dissolution agreement is there any reference to transfer of the deceased partner's interest, upon the incident of death, to the surviving partners. To the contrary, the partners agreed that it was "to the mutual advantage of themselves, and their respective estates at law, to enter into an agreement whereby, upon the death of the partner first to die . . ., then the heirs at law and the estate of the deceased partner shall be obligated to sell . . . and the surviving partners shall be obligated to purchase the interest of the deceased partner in the partnership."
I acknowledge the existence of a well-established body of law to the effect that partnership transfers by way of contract, effective upon death of the transferring partner and supported by valid consideration, though not in compliance with the statutes regarding testamentary dispositions, are legal and enforceable. For an excellent discussion of several cases so holding, see More v. Carnes, 309 Ky. 41, 214 S.W.2d 984 (1948) (relied upon by the majority). The dissolution contract before us, however, sought only to provide, through life insurance proceeds, the means by which the surviving partners could purchase, for a predetermined price, the deceased partner's interest from his estate.
The precise issue here presented, then, is whether the trial court erred in giving effect to the dissolution agreement so as to divest the deceased partner's estate of all interest in the partnership without requiring the surviving partners to pay the $35,000 death benefit to the estate.[1]
The trial court's holding sustained the surviving partners' request to enforce the dissolution agreement by requiring the deceased partner's heirs-at-law to convey their partnership interest, without a tender of the life insurance proceeds in payment for such interest. This interpretation necessarily treats the life insurance beneficiary designation and the buy/sell language as inconsistent and irreconcilable provisions of the contract. Admittedly, if the deceased partner had designated as beneficiary of the life insurance proceeds someone other than the two surviving partners, an irreconcilable conflict may have arisen. Where, as here, however, the two surviving partners — the obligors under the buy/sell provisions — are the beneficiary designees, the contract is fully enforceable so as to carry out its clearly expressed design and purpose.
In unambiguous terms, the preamble provisions of the dissolution contract provide that the surviving partners are to use the insurance proceeds to purchase the deceased partner's interest from his estate or heirs-at-law. The manifest intent of the contracting parties, clearly expressed in the agreement, was to provide insurance whereby the proceeds could be used to purchase, for a fixed price, the partnership interest from those heirs of the deceased partner who became vested with such interest upon the partner's death, rather than to effectuate passage of interest in the partnership to *Page 741 
the surviving partners upon the triggering legal incident of death. Any provision purporting to delineate by name those entitled to take as heirs-at-law of any partner dying intestate, absent any valid contractual conveyance as among those partners, is clearly an attempted testamentary disposition violative of the statutes. See Cowin v. Salmon,244 Ala. 285, 13 So.2d 190 (1943); Ala. Code 1975, § 43-1-30; 94 C.J.S. Wills §§ 111, 165, and 167 (1956).
It goes without saying that the deceased partner's interest in the partnership resided with someone at all times. When T.L. died intestate, having not conveyed his interest upon death to the surviving partners by contract, his interest passed to his estate. It follows, then, that the provision which designates the surviving partners as beneficiaries of the $35,000 — the fixed value of the deceased partner's interest — as well as the buy/sell provisions, is valid and enforceable upon the surviving partners' purchase of the one-third partnership interest from T.L. Williams's remaining heirs-at-law. Otherwise, in my opinion, these remaining heirs-at-law will continue to possess their share of the one-third interest until a proper accounting and payment for that interest is made. Stated differently, I would hold that a conveyance by T.L. Williams's remaining heirs-at-law cannot be compelled until payment is received.
The unfortunate result of the majority opinion is to upset literally hundreds of outstanding partnership dissolution contracts where life insurance is provided as the means by which surviving partners may continue the partnership operation by purchasing, at a price fixed by the contract, the deceased partner's interest from his estate. Pursuant to the holding of the majority, the surviving partners, as the named beneficiaries, may ignore the contractual obligation to purchase, retain the life insurance proceeds, and judicially require the deceased member's estate to transfer to them its acquired interest in the partnership. Indeed, any payment by the surviving partners to the estate or heirs-at-law of the deceased partner would be a mere gratuity.
MADDOX and FAULKNER, JJ., concur.
[1] In More, the widow of the deceased partner brought suit against the surviving partner, claiming that the dissolution agreement was unenforceable as violative of the statute of wills and that the life insurance proceeds represented only about one-third of the value of her deceased husband's interest in the partnership. The explicitly stated issue was whether a partnership dissolution agreement which vested, upon death, the deceased partner's interest in the surviving partners and provided as consideration life insurance proceeds (equal to a predetermined value of each partner's interest) payable to the deceased partner's widow, was void as violative of the statute of wills. The majority views this as a distinction without a difference. I view the instant case and More as presenting materially different issues, requiring different results.